NO.
12-06-00063-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

KEISTON RENOR WARD, §          APPEAL
FROM THE 241ST

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 

 



MEMORANDUM OPINION

PER CURIAM

            Keiston
Renor Ward appeals the revocation of his deferred adjudication community
supervision, following which he was sentenced to imprisonment for ten
years.  Appellant’s counsel filed a brief
in compliance with Anders v. California, 386 U.S. 738, 87 S. Ct.
1396, 18 L. Ed. 2d 493 (1967), and Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969).  We affirm.

 

Background

            Appellant
was indicted for aggravated assault and pleaded “guilty.”  The trial court deferred adjudicating
Appellant “guilty” and sentenced Appellant to community supervision for five
years.        Thereafter,
the State filed a motion seeking to revoke Appellant’s community supervision
alleging that he had violated certain conditions thereof.  Specifically, the State alleged, among other
reasons, that Appellant (1) failed to perform community services restitution as
ordered, (2) failed to submit to drug counseling as ordered, (3) failed to
complete an anger management program as ordered, and (4) failed to keep up with
his financial obligations as ordered.  On
December 5, 2005, the trial court conducted a hearing on the matter.  Appellant pleaded “true” to the
aforementioned allegations in the State’s motion.  Ultimately, the trial court found the
violations alleged in the State’s motion to be “true,” revoked Appellant’s
community supervision, adjudicated Appellant “guilty” of aggravated assault,
and sentenced Appellant to imprisonment for ten years.  








            Appellant
subsequently filed a motion for new trial alleging that the trial court’s
failure to make a deadly weapon finding until Appellant’s probation was revoked
amounted to waiver.  The trial court
denied Appellant’s motion for new trial. 
This appeal followed.

 

Analysis
Pursuant to Anders v. California

            Appellant’s
counsel filed a brief in compliance with Anders v. California,
386 U.S. 738, 87 S. Ct. 1396,18 L. Ed. 2d 493 (1967), and Gainous v.
State, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant’s counsel
states that he has diligently reviewed the appellate record and is of the
opinion that the record reflects no reversible error and that there is no error
upon which an appeal can be predicated. 
He further relates that he is well acquainted with the facts in this
case.  In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978), Appellant’s brief presents a chronological summation of the
procedural history of the case and further states that Appellant’s counsel is
unable to raise any arguable issues for appeal.[1]  We have likewise reviewed the record for
reversible error and have found none.

 

Conclusion

            As
required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App.
1991), Appellant’s counsel has moved for leave to withdraw.  We carried the motion for consideration with
the merits of this matter.  Having done
so and finding no reversible error, Appellant’s counsel’s motion for leave to
withdraw is hereby granted and the trial court’s judgment
is affirmed.

Opinion
delivered August 31, 2006.

Panel consisted of Worthen,
C.J., Griffith, J. and Hoyle, J.

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1]
Counsel for Appellant certified in his motion to withdraw that he provided
Appellant with a copy of this brief. 
Appellant was given time to file his own brief in this cause.  The time for filing such a brief has expired
and we have received no pro se brief.